SANDERS PHILIPPI Y CÍA., SUCESORES, S. EN C., DEMANDANTE
Y APELADA, *v.* DELGADO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla
en pleito sobre cobro de dinero.

No. 1966.—Resuelto en junio 19, 1919.

PAGARÉS EXPEDIDOS A LA ORDEN—DOCUMENTOS MERCANTILES—ALEGACIÓN INNE-
CESARIA.—Los pagarés expedidos a la orden se presumen documentos mer-

cantiles que surgen de operaciones de comercio, salvo prueba en contrario, y esa presunción se sostiene *prima facie* cuando la demanda no contiene alegación sobre su procedencia.

Endoso—Conclusiones Legales—Alegaciones.—Siendo el endoso el acto por el cual se transmite la propiedad de un pagaré u otro documento expedido a la orden, la alegación de que los pagarés objeto del presente pleito "*fueron endosados a la sociedad demandante,*" no entraña una conclusión legal, sino la expresión de un acto determinante del derecho de la demandante al cobro de los pagarés. Las circunstancias y condiciones en que se verificó el endoso podrán ser materia de evidencia en el juicio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José Tous Soto.*

Abogado de la apelada: *Sr. Carlos Franco Soto.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 23 de enero de 1917 la demandante Sanders Philippi y Compañía radicó demanda enmendada en la Corte de Distrito de Aguadilla contra Ignacia Delgado y González, sobre cobro de dinero, alegando como hechos determinantes de su acción los siguientes:

Que la demandada Ignacia Delgado suscribió a la orden de P. Vilella e Hijos dos pagarés en 29 de enero y 30 de junio de 1915, respectivamente, ambos insertos en la demanda, el primero de ellos por valor de $3,100 a vencer en 31 de diciembre de 1915 y el segundo por valor de $1,964.20 a vencer en 31 de enero de 1916.

Que los dos pagarés dan un total de $5,064.20, de cuya suma sólo había satisfecho la demandada $675.98, restando por consiguiente a deber $4,388.22.

Que la sociedad P. Vilella e hijos endosó a favor de la demandante los dos pagarés y era tenedora de los mismos, siendo por consiguiente dueña de la expresada suma de $4,388.22.

Y que la demandada ni ninguna otra persona en su nombre ha pagado el todo o parte de la cantidad adeudada, a pesar de las diversas reclamaciones amistosas hechas con ese fin.

La demanda concluye con la súplica de que en su día se

dicte sentencia condenando a la demandada a que pague a la demandante la suma de $4,388.22, con intereses, costas, gastos y honorarios de abogado.

A la anterior demanda opuso la demandada la excepción previa de que no aduce hechos suficientes para constituir una causa de acción, cuya excepción fué desestimada por resolución de 14 de enero de 1918; y habiendo formulado contestación con aceptación de unos hechos, negación de otros y alegación de materia nueva, se trajo el caso a juicio que terminó por sentencia de 15 de julio de 1918 ordenando que la demandante obtenga y recobre de la demandada la suma de $4,388.22 con intereses legales desde la interposición de la demanda y costas, gastos y honorarios de abogado a cargo de la demandada.

Contra esa sentencia interpuso la demandada recurso de apelación para ante esta Corte Suprema, aduciendo como único motivo del recurso que la Corte de Distrito de Aguadilla erró al no declarar con lugar la excepción previa general contra la demanda, a cuya fin alega que sólo los pagarés mercantiles son endosables y que los transcritos en la demanda no tienen tal carácter por no expresarse en ellos que proceden de operaciones mercantiles; pero que aun en el supuesto de que fueran endosables, la alegación de que la demandada endosó a la demandante dichos pagarés es una conclusión legal que no informa a la demandada de la fecha, lugar, causa y condiciones del endoso.

Es doctrina ya establecida por esta Corte Suprema que los pagarés expedidos a la orden se presumen documentos mercantiles que surgen de operaciones de comercio, salvo prueba en contrario. *Hernández* v. *Muñiz,* 10 D. P. R. 17; *Rosaly* v. *Alvarado,* 17 D. P. R. 109; *Vázquez* v. *Laíno,* 23 D. P. R. 235; y *Román* v. *Martínez,* 25 D. P. R. 654. Esa presunción se sostiene *prima facie* por las alegaciones de la demanda.

Como el endoso propiamente dicho es el acto por el que

se transmite la propiedad de la letra de cambio y demás documentos expedidos a la orden, entendemos que la alegación de que los pagarés fueron endosados a la demandante no entraña una conclusión legal sino la expresión de un acto determinante del derecho de la sociedad demandante al cobro de dichos pagarés. Las circunstancias y condiciones en que se verificaron los endosos podían ser materia de evidencia al celebrarse el juicio.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.